UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-47-FDW

| | |
|---|---|
| **RAYMOND DAKIM HARRIS JOINER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **GEORGE T. SOLOMON, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). Also before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 2.)

## I. BACKGROUND

Pro se Plaintiff Raymond Dakim Harris Joiner, a North Carolina prisoner incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on February 9, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named George T. Solomon and the North Carolina Department of Public Safety as Defendants. Plaintiff alleges the following facts in the Complaint:

> Defendant[s] do not have a valid contract agreement to do business in the Plaintiff['s] name and hereby did obtain private documents and property without consent of a lawful detainer. The Defendant[s] furthermore upon information and belief contracted with the state court in the Plaintiff['s] name and presumed to have subject matter jurisdiction, personal jurisdiction and proof of claim and set up a[n] estate under Raymond D. Joiner and denationalized the Plaintiff that cause irrepairable [sic] injury to his life, liberty and property by having to learn to undo the damages by learning the law in a[n] institution that [does] not have a law library, copy machine or internet, and as indigent had to go without policy book.
>
> Defendant[s'] staff at Marion Correctional Institution refuse to allow the Plaintiff access to UCC financing statement forms, and Plaintiff [has] been on segregation

1

for five years without the use of telephone to call family or conduct business. On Plaintiff['s] "offender" information sheet under race it say[s] "other," the Plaintiff is American with Polish background.

(Complaint 7 ¶¶ 5-6, Doc. No. 1.) Plaintiff states that he seeks injunctive and declaratory relief, compensatory and punitive damages, a jury trial, reimbursement of court costs, and relinquishment by Defendants any and all of Plaintiff's personal documents in Defendants' possession. (Complaint 4). Specifically, as to the declaratory and injunctive relief, Plaintiff asks the Court to order Defendants to stop using the Plaintiff's name and property without his consent. (Complaint 4).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, 28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. To prevail in a § 1983 action, a plaintiff must show that the defendant

violated a federal right. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding that to state a civil rights claim, one must allege that he, himself, sustained the deprivation of a right, privilege, or immunity secured by the Constitution or federal law). Here, Plaintiff's allegations fail to state a cognizable claim of a violation of a federal right. As an initial matter, there is no constitutional requirement that an inmate have free access to a telephone. Additionally, Petitioner's assertions that his relationship with the North Carolina Department of Public Safety is governed by the law of contracts and/or commercial law is patently absurd. See e.g. Thomas v. United States, No. 5:13-HC-2050-D, 2013 WL 12112952, at *1-2 (E.D.N.C. July 8, 2013), aff'd, 568 F. App'x 239 (4th Cir. 2014) ("To begin with, the U.C.C. has no bearing on criminal subject matter jurisdiction. Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible UCC-related arguments on federal district courts for years. Such efforts . . . have uniformly been rejected in summary fashion, and may subject their filers to prosecution should they proceed to file frivolous bonds, liens or default notices against government officials involved in defendants' incarceration.") (citations omitted).

The Prison Litigation Reform Act ("PLRA") provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, if a prisoner has had three prior cases dismissed as frivolous, malicious, or failing to state a claim for which relief may be granted, the prisoner generally must pay up-front all filing fees for" any future non-habeas civil lawsuits he may wish to file. Blakely v. Wards, 738 F.3d 607, 611 (4th Cir. 2013), as amended (Oct. 22, 2013).

On December 20, 2016, this Court, the Honorable Frank D. Whitney presiding, dismissed a § 1983 complaint by Plaintiff that included allegations almost identical to those in the instant Complaint. See Joiner v. Solomon, 1:16-cv-396-FDW, 2016 WL 7385691, at * 1 (W.D.N.C. filed Dec. 20, 2016). The Court dismissed Plaintiff's complaint for failing to state a claim. See id. at *2. Plaintiff now has two "strikes" under § 1915(g) and is on notice that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks accumulating a third strike and denial of any future requests for in forma pauperis status, absent exceptional circumstances.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted;

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2), is **GRANTED** for the limited purpose of this review; and

3. The Clerk of Court is directed to replace "North Carolina Department of Public Safety" with George T. Solomon as lead Defendant in this action.

Signed: February 15, 2017

Frank D. Whitney
Chief United States District Judge